# EXHIBIT 1

Complaint - State Court

Michael Borovsky, Goldsmith LLC
d/b/a MB Goldsmiths
vs.
Jewelers Mutual Insurance Company
Wake County/17 CVS 003060

# STATE OF NORTH CAROLINA

17CV|...03069
17 CVS

WAKE County

In The General Court of Justice
☐ District ☒ Superior Court Division

| Name of Plaintiff |
|---|
| MICHAEL BOROVSKY, GOLDSMITHS LLC dba MB GOLDSMITHS |
| Address |
| c/o NICHOLLS & CRAMPTON, P.A. |
| City, State, Zip |
| P. O. Box 18237, Raleigh, NC 27619 |

**VERSUS**

## CIVIL SUMMONS

☐ ALIAS AND PLURIES SUMMONS

G.S. 1A-1, Rules 3, 4

| Name of Defendant(s) | Date Original Summons Issued |
|---|---|
| JEWELERS MUTUAL INSURANCE COMPANY | |
| | Date(s) Subsequent Summon(es) Issued |

### To Each Of The Defendant(s) Named Below:

| Name And Address of Defendant 1 | Name And Address of Defendant 2 |
|---|---|
| Jewelers Mutual Insurance Company | |
| c/o Officer, Director, or Managing Agent | |
| 24 Jewelers Park Dr | |
| Neenah, WI 54956 | |

### A Civil Action Has Been Commenced Against You!

You are notified to appear and answer the complaint of the plaintiff as follows:

1. Serve a copy of your written answer to the complaint upon the plaintiff or plaintiff's attorney within thirty (30) days after you have been served. You may serve your answer by delivering a copy to the plaintiff or by mailing it to the plaintiff's last known address, and

2. File the original of the written answer with the Clerk of Superior Court of the county named above.

If you fail to answer the complaint, the plaintiff will apply to the Court for the relief demanded in the complaint.

| Name And Address of Plaintiff's Attorney (If None, Address of Plaintiff) | Date Issued | Time | |
|---|---|---|---|
| NICHOLLS & CRAMPTON, P.A. | 3/10/17 | 3 | ☐ AM ☒ PM |
| P. O. Box 18237 | Signature | | |
| Raleigh, NC 27619 | | | |
| (919) 781-1311 | ☒ Deputy CSC | ☐ Assistant CSC | ☐ Clerk of Superior Court |

☐ **ENDORSEMENT**
This Summons was originally issued on the date indicated above and returned not served. At the request of the plaintiff, the time within which this Summons must be served is extended sixty (60) days.

| Date of Endorsement | Time | |
|---|---|---|
| | | ☐ AM ☐ PM |
| Signature | | |
| ☐ Deputy CSC | ☐ Assistant CSC | ☐ Clerk of Superior Court |

**NOTE TO PARTIES:** Many Counties have **MANDATORY ARBITRATION** programs in which most cases where the amount in controversy is $15,000 or less are heard by an arbitrator before a trial. The parties will be notified if this case is assigned for mandatory arbitration, and, if so, what procedure is to be followed.

AOC-CV-100, Rev. 10/01
© 2001 Administrative Office of the Courts          (Over)

STATE OF NORTH CAROLINA        IN THE GENERAL COURT OF JUSTICE
                                  FILED        SUPERIOR COURT DIVISION
WAKE COUNTY                          FILE NO. 17 CvS _____

MICHAEL BOROVSKY,    2017 MAR 30 P 3:40
GOLDSMITH LLC d/b/a MB        )
GOLDSMITHS,        WAKE COUNTY, C.S.C.
                       BY _____ )
     Plaintiff,               )
                                       )                             **COMPLAINT**
vs.                                     )                        (Jury Trial Demanded)
                                       )
JEWELERS MUTUAL            )
INSURANCE COMPANY,        )
                                        )
     Defendant.            )

     NOW COMES the Plaintiff, Michael Borovsky, Goldsmith LLC d/b/a MB Goldsmiths, and for its cause of action against the Defendant, Jewelers Mutual Insurance Company, states as follows:

## PARTIES AND JURISDICTION

     1. Plaintiff is a limited liability company authorized to conduct business in the State of North Carolina.

     2. Upon information and belief, Defendant, Jewelers Mutual Insurance Company (hereinafter referred to as "Defendant") is a Wisconsin corporation, which conducts business in the State of North Carolina.

     3. This Court has subject matter jurisdiction over this matter pursuant to N.C. General Statutes §§ 7A-240 and 7A-243.

     4. This Court has personal jurisdiction over the parties in this matter pursuant to N.C General Statute § 1-75.4.

     5. Venue of this matter is proper in Wake County, North Carolina pursuant to N.C. General Statute § 1-79.

## FACTUAL BACKGROUND

     6. Plaintiff leased certain real property (hereinafter referred to herein as the "Premises") located in Brennan Station Shopping Center at 8111 Creedmoor Road, Suite 123, Raleigh, North Carolina 27615.

7. Brennan Station 1671, LP (hereinafter referred to herein as "Landlord") is the owner of Brennan Station Shopping Center and was Plaintiff's landlord at all relevant times herein.

8. Upon information and belief, Brennan Station hired Kimco Realty Corporation (hereinafter referred to herein as "Property Manager") as its agent for the purpose of management of Brennan Station Shopping Center and the properties located therein.

9. Upon information and belief, China Court Chinese Restaurant, Inc. and/or China Court, Inc. owned and operated a business known as China Court (hereinafter referred to herein as "China Court"), located in Brennan Station Shopping Center at 8111 Creedmoor Road, Suite 117, Raleigh, North Carolina 27615.

10. On or about March 19, 2011, Plaintiff and Landlord entered into a lease agreement for the Premises for the purpose of opening and operating a jewelry store known as MB Goldsmiths (hereinafter referred to herein as "MB Goldsmiths").

11. On or about March 30, 2011, Plaintiff obtained a business interruption insurance policy, policy number 55-008897, from Defendant (hereinafter referred to as "the policy").

12. The policy was renewed each and every year that MB Goldsmiths operated in the Premises. On or about August 18, 2014, Plaintiff obtained the final renewal of the policy.

13. In the Fall of 2013, the owner of MB Goldsmiths and its employee detected a foul odor in the Premises.

14. Initially, the odor was intermittent, however in September of 2014, the odor began to get worse and became particularly noticeable and unbearable for Plaintiff's employees and customers.

15. Mr. Borovsky and his employee contacted the Landlord and Property Manager to report the foul odor, however, after months of repeatedly reporting the issue, neither Landlord nor Property Manager were able to detect the source of the odor and were wholly ineffective in their attempts to assist Plaintiff.

16. From March 19, 2011 to June of 2015, China Court occupied the property adjacent to MB Goldsmiths and the two businesses shared a common wall.

17. In or about December of 2014, Mr. Borovsky also noticed mold in the MB Goldsmiths space on the common wall with China Court.

18. On or about December 26, 2014, Defendants obtained an expanded fungal report from Raleigh Mold Inspection & Remediation, which showed extremely high levels of Stachybotrys and Chaetomium mold present.

19. Despite repeated efforts to contact the Landlord and Property Manager, neither agreed to take any action with respect to the mold and indicated to Mr. Borovsky that the damage was his responsibility under the lease agreement.

20. Mr. Borovsky also contacted the North Carolina Department of Health and Human Services (hereinafter referred to herein as "NC DHHS") to report the issue and on September 1, 2015, Mr. David Lipton with NC DHHS responded to Plaintiff regarding the mold and advised Mr. Borovsky that the mold would need to be remediated to the same level and extent as asbestos removal.

21. On or about March 1, 2015, Mr. Borovsky contacted Defendant to file a claim on the policy after the odor became so unbearable that it was affecting Plaintiff's ability to conduct business.

22. After a cursory investigation of the Premises in or about April of 2015, Defendant, by and through its Senior Commercial Lines Claim Examiner, John Ganga, denied Plaintiff's claim.

23. On June 30, 2015, MB Goldsmiths was forced to vacate the Premises to allow for repair of the mold and due to the odor in the Premises.

24. During the period from June 30, 2015 through the present, MB Goldsmiths remained closed in this location while various contractors and specialists performed various inspections of the Premises, remediated the mold, and unsuccessfully attempted to locate the cause of the odor.

25. Plaintiff has suffered lost profits as a result of being forced to vacate the premises and close its Raleigh, North Carolina location.

## COUNT ONE
## BREACH OF CONTRACT

26. The allegations contained in paragraphs 1-25 are incorporated herein by reference as if fully set out herein.

27. Plaintiff and Defendant entered into a contract by virtue of the policy and its renewal.

28. Defendant's failure to provide reimbursement under the policy constitutes a breach of the terms of the contract.

29. Plaintiff was damaged as a result of Defendant's actions in an amount that exceeds Twenty-Five Thousand Dollars ($25,000.00) including, but not limited to, special damages for lost profits and loss of business income.

## COUNT TWO
## BREACH OF IMPLIED COVENANT OF
## GOOD FAITH AND FAIR DEALING

30. The allegations contained in paragraphs 1-29 are incorporated herein by reference as if fully set out herein.

31. Plaintiff and Defendant entered into a contract through the policy.

32. Plaintiff performed its obligations under the contract by providing for payment each and every month to Defendant with the expectation of insurance coverage if it suffered business loss interruption in return.

33. Defendant unfairly prevented Plaintiff from receiving the benefits that it was entitled to receive by failing to follow through with payment for lost profits and damages under the contract.

34. As a result of Defendant's actions, Plaintiff suffered damages in an amount that exceeds Twenty-Five Thousand Dollars ($25,000.00) including, but not limited to, special damages for lost profits and loss of business income.

## COUNT THREE
## BAD FAITH

35. The allegations contained in paragraphs 1-34 are incorporated herein by reference as if fully set out herein.

36. At all times alleged above, Defendant was Plaintiff's insurer and had a contractual obligation to the Plaintiff under the subject insurance policy.

37. Defendant acted in bad faith by refusing to settle or negotiate Plaintiff's claim for business loss interruption.

38. Defendant refused to settle or negotiate Plaintiff's claim for business loss interruption in conscious and intentional disregard of, and indifference to the rights of Plaintiff under the subject insurance policy.

39. Defendant's conduct towards the Plaintiff constituted outrageous, willful and wanton conduct, and was a misuse of its power and authority as an insurance company.

40. As a direct and proximate result of Defendant's bad faith refusal to settle or negotiate Plaintiff's claim for business loss interruption, Plaintiff is entitled to recover compensatory damages from Defendant in an amount that exceeds Twenty-Five Thousand Dollars ($25,000.00) including, but not limited to, special damages for lost profits and loss of business income.

41. As a result of the malicious, willful and wanton conduct of Defendant, Plaintiff is entitled to recover punitive damages from Defendant in an amount that exceeds Twenty-Five Thousand Dollars ($25,000.00).

WHEREFORE, Plaintiff, by and through its undersigned counsel, prays the Court as follows:

A. That Plaintiff be awarded from Defendant compensatory damages in an amount in excess of $25,000.00;

B. That Plaintiff be awarded from Defendant punitive damages in an amount in excess of $25,000.00;

C. That Plaintiff be awarded from Defendant the costs of this civil action;

D. That all issues so triable be tried by a jury; and

C. For such other and further relief as the Court may deem just and proper.

This 9 day of March, 2017.

Adam M. Gottsegen
of NICHOLLS & CRAMPTON, P.A.
*Attorneys for Plaintiff Michael Borovsky, Goldsmith LLC d/b/a MB Goldsmiths*
NC State Bar No. 28546
P.O. Box 18237
Raleigh, N.C. 27619
919-781-1311

## VERIFICATION

I have read the factual statements of the foregoing complaint, and they are true, accurate and complete, according to the best of my knowledge and belief.

MICHAEL BOROVSKY, GOLDSMITH LLC

By: _*Michael Borovsky*_
Michael Borovsky, Member-Manager

I, _Carter R. Grimes_, a Notary Public, do hereby certify that Michael Borovsky of Michael Borovsky, Goldsmith LLC, personally appeared before me this day and acknowledged that he is the Member-Manager of Michael Borovsky, Goldsmith LLC, and that he, by authority duly given and as the act of the corporation, executed the foregoing documents on behalf of the corporation.

Witness my hand and official seal, this the _14_ day of _February_, 2017

_Carter R. G____
Notary Public

_Carter R. Grimes_ (Print Name)

My Commission Expires: _12/12/2021_

[Notary Seal: CARTER R. GRIMES, Notary Public, Wake County, My Comm Exp 12-12-2021, NORTH CAROLINA]